## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-246J |
| | ) | |
| v. | ) | Judge Gibson |
| | ) | Magistrate Judge Bissoon |
| ORCHID CELLMARK, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 22) be granted.

### II. REPORT

William Price is a state prisoner currently incarcerated in the State Correctional Institution at Cresson, serving a sentence imposed after his August, 2003 conviction for raping his daughter. Price alleges that Defendants conducted DNA tests on blood and tissue samples from him and from his daughter's aborted child that they "knew of should have known" had been altered or contaminated (Doc. 16, ¶¶ 9-10), and that they presented false testimony concerning those tests at Price's state court criminal trial (Id., ¶ 11). Plaintiff seeks damages pursuant to 42 U.S.C. § 1983. Defendants have filed a Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 22), and Plaintiff has responded (Doc. 29).

Federal Rule of Civil Procedure 12(b) states that if matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and all parties shall be given a reasonable opportunity to present all pertinent materials.

Defendants explicitly gave notice that they were seeking to introduce extrinsic evidence and to convert the motion to dismiss into a motion for summary judgment.  Plaintiff also has submitted extrinsic evidence in opposition to Defendants' motion (Doc. 30).  As Defendants' request to convert to summary judgment is explicit and both parties have had notice and the opportunity to present evidence in support of their respective positions, the Court will convert the motion to one for summary judgment.  In re Rockefeller Center Properties, Inc. Securities Litigation, 184 F.3d 280, 287-88 (3d Cir.1999).

### A.    Legal Standard

A party's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a *genuine issue for trial*"  Fed. Rule Civ. Proc. 56(e) (emphasis added), or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.  Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  The inquiry involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id., at 251-52.

Price asserts liability against Defendants pursuant to 42 U.S.C. §1983.  To state a claim under Section 1983, Price must meet two threshold requirements.  He must show:  1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42 (1988).

B.    **Analysis**

Defendants first assert that Plaintiff's claims are barred by the applicable limitations period.  The limitations period for actions brought under Section 1983 is determined by state law.  Wilson v. Garcia, 471 U.S. 261, 272-76 (1985).  Pennsylvania applies a two-year statute of limitations to civil rights actions brought pursuant Section 1983.  42 Pa. Cons. Stat.§ 5524;  Epps v. City of Pittsburgh, 33 F.Supp.2d 409 (W.D.Pa.1998).

The date on which a Section 1983 claim accrues, howver, is a matter of federal law.  Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994) (J. Ginsburg, concurring).  A claim accrues when the plaintiff knew or had reason to know of the injury and its causal connection to the defendants.  Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the limitations period);  Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988) (a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong).

The Complaint in this case was received by the Clerk on October 24, 2008 (Doc. 1).  Plaintiff alleges in his Amended Complaint that he was prejudiced at his criminal trial by the admission of allegedly inaccurate evidence, but he does not allege any relevant dates.  Defendant Margaret Terrill states in her affidavit that she was previously employed as an analyst for Orchid Cellmark, and that she wrote the lab report that is the subject of Plaintiff's complaint (Doc. 22-3, ¶¶ 1, 5).  Ms. Terrill concluded that the data were consistent with Plaintiff having impregnated his daughter (Id.).  Ms. Terrill states she testified at Plaintiff's criminal trial on August 6, 2003 (Id., ¶ 9).  Plaintiff confirms in his brief that the blood samples in question were taken in July,

3

2002, and that Defendant Terrill conducted tests on those samples in August, 2002 (Doc, 30, p. 2).  He also confirms that his trial occurred in August, 2003 (Id.).

Plaintiff has attached to his brief various exhibits that were admitted at his criminal trial, as well as excerpts of testimony from that trial (Doc. 30, Exhibit A-J).  Specifically, Plaintiff argues that Ms. Terrill testified that she received blood samples in purple-topped tubes, while the hospital technician testified that the tubes had gray tops at the time the blood was drawn (Id., at 5).  Thus, Plaintiff asserts, "it is evident that the blood samples were altered" (Id.).

Plaintiff became aware of, or should have become aware of, both the fact of his injury and the source of his injury in August, 2003.  If, as Plaintiff alleges, he is innocent of having sexual intercourse with his daughter, then he certainly was aware at the time of his state court criminal trial that the DNA evidence linking him to that crime must have been inaccurate. Plaintiff himself cites to portions of the state court criminal proceeding that he asserts support his claim of tampering.  This evidence would also serve to place Plaintiff on notice of his claim at the time the testimony occurred in August, 2003.  Plaintiff did not file this action until October, 2008, and his claim is untimely.

Plaintiff argues that he did not discover his claim until September 21, 2007, when he first learned that Orchid Cellmark "lost its accreditation" and closed its doors for business (Doc. 30, p. 12).  As noted above, a claim accrues when the plaintiff is aware of the existence of and source of his injury.  Keystone Ins. Co., 863 F.2d at 1127.  Again, the alleged wrong occurred when testimony was presented at Plaintiff's August, 2003 criminal trial that he was the father of a child aborted by his minor daughter.  Plaintiff himself cites to purported inconsistencies in the trial testimony, which was clearly sufficient to place him on notice of the existence of his injury

(the allegedly false testimony) and the source of that injury (Ms. Terrill).  Hence, Plaintiff's

claim that he did not discover his injury until September 21, 2007, is simply wrong.

Plaintiff also asserts that the limitations period should be equitably tolled.  Federal courts

may toll statutes of limitations for federal laws where the plaintiff "in some extraordinary way

has been prevented from asserting his or her rights."  Robinson v. Dalton, 107 F.3d 1018, 1022

(3d Cir.1997).  Equitable tolling is appropriate in three instances:

> (1) where a defendant actively misleads a plaintiff with respect to h[is]
> cause of action; (2) where the plaintiff has been prevented from asserting
> h[is] claim as a result of other extraordinary circumstances; or (3) where
> the plaintiff asserts h[is] claims in a timely manner but has done so in the
> wrong forum.

Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).  Plaintiff asserts that he had no reason to

question the expert testimony given by Ms. Terrill until he received notification on September

21, 2007, that Orchid Cellmark had lost its accreditation to conduct DNA testing.  Until then, in

Plaintiff's view, "he had no reason to investigate." (Doc. 30, p. 14).  Plaintiff's argument does

not fit within any of the three categories listed above.  Plaintiff has not alleged that he was

actively misled about his cause of action, or that he was prevented from asserting his claim, or

that he asserted his claim in a timely manner but the wrong forum.  And, in any event, Plaintiff's

assertion that he had no reason to question the expertise of Ms. Terrill and Orchid Cellmark at

the time of trial is belied by his own citation to alleged inconsistent testimony at trial concerning

the blood samples that were taken.  And, as noted above, Plaintiff certainly knew at the time of

trial whether it was possible for him to have fathered a baby by his own daughter, and whether

any scientific evidence to this effect could possibly have been accurate.  Plaintiff certainly had

reason to question the reliability of the testing done and the accuracy of the testimony presented at his trial.  There is no basis for tolling the statute of limitations in this case.[1]

### III. CONCLUSION

It is respectfully recommended that Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 22) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by September 4, 2009.


s/ Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge


Date:  August 18, 2009


cc:
WILLIAM PRICE
FP-2118
SCI Cresson
P.O. Box A
Cresson, PA 16699

_____

1.      Plaintiff's claim is barred for the additional reason that a prisoner may not bring a civil rights suit if its success would render invalid a conviction that has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus."  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  Here, Plaintiff asserts that inaccurate scientific evidence admitted during his state court criminal trial "resulted in the conviction of an innocent man." (Doc. 29, ¶¶ 5-6). Where a Section 1983 claim "if successful, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid," then the claim is barred until the conviction is overturned.  Gibson v. Supt. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir.2005) (cites and quotes omitted).  Plaintiff's Section 1983 is barred by Heck because success on his claim would require a finding that his conviction is invalid.  Plaintiff may not litigate the validity of his conviction in the context of a Section 1983 suit.